# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LAWRENCE JEBURK, | 1:07-CV-00354 AWI NEW (DLB) HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |
| v. | |
| D. SMITH, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION[1]**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court for the Southern District of Georgia entered in 1996.

Petitioner states he appealed the conviction to the Eleventh Circuit Court of Appeals. He states the appeal was dismissed for lack of transcript. Petitioner then submitted a motion seeking

---

[1] This information is derived from the Petition for Writ of Habeas Corpus.

reinstatement of his appeal to the Circuit Court instead of the District Court. The motion was apparently dismissed.

Petitioner states he filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the sentencing court in 2002. The motion was denied as untimely.

On March 5, 2007, Petitioner filed the instant petition for writ of habeas corpus. In his petition, Petitioner vaguely claims his due process and equal protection rights were violated.

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner apparently brings this petition as a § 2241 petition instead of a § 2255, because he has already sought relief by way of § 2255. However, a petition contending Petitioner's sentence

1  is invalid is still a § 2255 petition regardless of what Petitioner calls the petition.  See Brown, 610
2  F.2d at 677.

3        In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
4  under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to
5  test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting §
6  2255).  The Ninth Circuit has recognized that this exception is a very narrow one.  Ivy v. Pontesso,
7  328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a
8  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.);  Tripati, 843
9  F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a §
10 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope,
11 229 F.2d 582 (9th Cir.1956).  In Ivy, the Ninth Circuit held that § 2241 relief is available pursuant to
12 the "escape hatch" in § 2255 if the petitioner claims to be: (1) factually innocent of the crime for
13 which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting
14 this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000)
15 (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or
16 ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

17       In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and
18 ineffective.  Petitioner claims he is foreclosed from raising the instant claims because he has already
19 filed a motion pursuant to § 2255.

20       Nevertheless, Petitioner has had several procedural opportunities to challenge his sentence in
21 raising the instant claims. Petitioner does not state whether he attempted to raise these claims on
22 direct appeal, but it is clear he had the opportunity to do so. The appeal was dismissed because
23 Petitioner seemingly failed to submit transcripts. Petitioner also filed a motion to vacate the sentence
24 pursuant to § 2255, but this motion was dismissed as untimely. Thus, the fault for the dismissals lie
25 with Petitioner and he cannot claim he did not have an unobstructed procedural opportunity, because
26 Petitioner himself caused the obstructions. In addition, Petitioner does not claim to be factually
27 innocent of the crime for which he was convicted. It is clear, therefore, that Petitioner has not shown
28 that § 2255 provides an "inadequate or ineffective" remedy. The petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2007**            /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE